IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,390






EX PARTE SERVANDO HERNANDEZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 03-1-19,900 IN THE 24th JUDICIAL DISTRICT COURT

VICTORIA COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of murder, and punishment was assessed at imprisonment for fifty-five years. Applicant's
appeal was dismissed for want of jurisdiction. Hernandez v. State, No. 13-04-00152-CR
(Tex. App.-Corpus Christi, delivered May 6, 2004, no pet.).

 Applicant contends that he was denied his right to appeal. The trial court has entered
findings of fact and conclusions of law, based upon counsel's affidavit, recommending that
Applicant be granted an out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04
(j) (2), requires appointed counsel to "represent the defendant until charges are dismissed,
the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties or
replaced by other counsel". The duty to perfect an appeal attaches whether counsel is
appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that Applicant wanted to appeal, counsel had the duty to timely file a motion for
new trial or give timely notice of appeal, unless relieved by the trial court or replaced by
other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 03-1-19,990-A from the 24th District Court of Victoria
County. The proper remedy in a case such as this is to return Applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.


DO NOT PUBLISH

DELIVERED: May 3, 2006